**NATIONAL RAILROAD PASSENGER CORPORATION, a District of Columbia Corporation, Plaintiff,**

v.

**STATE BOARD OF EQUALIZATION OF the STATE OF CALIFORNIA, Defendant.**

**No. C–85–8321–CAL.**

United States District Court, N.D. California.

Dec. 19, 1986.

Thomas H. Steele, Morrison & Forester, San Francisco, Cal., Christopher M. Klein, David J. Carol, National Railroad Passenger Corp., Washington, D.C., for plaintiff.

John K. Van De Kamp, Atty. Gen., Julian O. Standen, Deputy Atty. Gen., San Francisco, Cal., for defendant.

## OPINION AND ORDER FOR
## SUMMARY JUDGMENT

LEGGE, District Judge.

The National Railroad Passenger Corporation ("Amtrak") brings this action against the State Board of Equalization of

the State of California ("the state") challenging the imposition of California's use tax on fifteen rail passenger cars. Amtrak contends that the imposition of that tax violates section 11503(b) of the Railroad Revitalization and Regulatory Act of 1976 ("4–R Act"),[1] the Fourteenth Amendment and the Commerce Clause of the United States Constitution, and Article VII of the California Constitution.

Amtrak and the state have both moved for summary judgment. The court has reviewed the record, the briefs and arguments of counsel, and the applicable authorities, and concludes that there are no genuine issues of material fact and that judgment should be entered in favor of Amtrak and against the state.

## I.

■ This court has jurisdiction pursuant to section 11503(c) of the 4–R Act and 28 U.S.C. § 1331. Section 11503(c) expressly confers jurisdiction upon this court, without regard to the amount in controversy or citizenship of the parties, to prevent violations of section 11503(b). It is an express exception to 28 U.S.C. Section 1341, the State Tax Anti-Injunction Act, and it authorizes a federal court to prevent or terminate a violation of the 4–R Act.

## II.

The material facts are not in dispute. In 1980 and 1981, Amtrak purchased 217 rail passenger cars manufactured in the midwest for use in Amtrak's intercity rail passenger system. Fifteen of those cars were brought to California and were first put into service here. Since the first revenue paying passengers boarded the cars in California, the state imposed a use tax liability of $978,738.53. After exhausting its state procedures, Amtrak initiated this action to contest the imposition of the tax liability.

Section 6201 of the California Revenue and Taxation Code imposes a use tax on the storage, use or other consumption in California of tangible personal property purchased outside the state. The Code provides several exemptions from the use tax, including exemptions for commercial passenger aircraft (Cal.Rev. and Tax Code § 6366); commercial passenger watercraft (Cal.Rev. and Tax Code § 6368); and rail freight cars (Cal.Rev. and Tax Code § 6368.5). No exemption is provided under the Code for the use of rail passenger cars.

## III.

Amtrak alleges that the imposition of the use tax on its passenger rail cars violates the 4–R Act. Specifically, Amtrak contends that section 11503(b)(4) prohibits the imposition of the tax, because it is "another tax that discriminates against a rail carrier." The 4–R Act specifically prohibits such a tax. 49 U.S.C. § 11503(b)(4) provides:

*The following acts unreasonably burden and discriminate against interstate commerce, and a State*, subdivion of a State, *or authority acting for a State* or subdivision of a State *may not do any of them*: ....

(4) *impose another tax that discriminates against a rail carrier* providing transportation subject to the jurisdiction of the Commission under subchapter I of chapter 105 of this title. (emphasis added.)

■ Congress has the power to prohibit the states from imposing state taxes which burden or discriminate against interstate commerce; U.S.C. Const. Art. 1, § 8 cl. 3; *State Board of Insurance v. Todd Shipyards Corp.*, 370 U.S. 451, 456, 82 S.Ct. 1380, 1383, 8 L.Ed.2d 620 (1962); *Arizona Public Service Co. v. Snead*, 441 U.S. 141, 150, 99 S.Ct. 1629, 1634, 60 L.Ed.2d 106 (1979).

Is a use tax the type of tax which Congress intended to prohibit in section 11503(b)? The section does not expressly refer to use taxes, and most of its language pertains to property taxes. There is no Ninth Circuit authority defining the precise scope of the taxes prohibited by sec-

**1.** Railroad Revitalization and Regulatory Act of 1976, § 306(b), 49 U.S.C. § 11503(b).

tion 11503(b).[2] But other courts have interpreted the section broadly and have applied its prohibitions to any type of tax that discriminates against a rail carrier. In *Alabama Great Southern R.R. Co. v. Eagerton*, 663 F.2d 1036, 1040 (11th Cir.1981) the court noted that subsection (4) was "intended as a catchall provision to prevent discriminatory taxation of a railroad carrier by any means." Similarly, the Eighth Circuit in *Trailer Train Co. v. State Board of Equalization*, 710 F.2d 468, 472 (8th Cir. 1983) proscribed imposition of a state ad valorem tax on a leasing company's railroad cars. In *Richmond, Fredericksburg & Potomac R.R. Co. v. Department of Taxation*, 762 F.2d 375 (4th Cir.1985), the court ruled that section 306(1)(d)[3] applies to all forms of discriminatory taxation. The court stated (p. 379):

> Accordingly, a journey into the jungle of legislative history is unnecessary because we hold that § 306(1)(d), on its face, clearly and unambiguously prohibits all forms of discriminatory taxation of railroads.

■ In light of the plain language used by Congress in the statute, and the broad construction given to section 11503(b)(4) by other courts, this court concludes that the prohibitions of the section apply to the imposition of a California use tax on passenger rail cars.

■ Does the imposition of the tax here discriminate against Amtrak within the meaning of section 11503(b)(4)? This court has reviewed the California Revenue and Tax Code provisions which define the use tax and its exemptions. The court concludes that the imposition of the tax here is discriminatory. Under the express language of the Code (section 6201 and its exemptions) the state has imposed a tax on passenger rail cars which is not imposed on other passenger vehicles employed by common carriers in interstate commerce. Specifically, use of passenger aircraft and passenger watercraft are exempt from the tax, but passenger rail craft are not.[4] As such, it is clearly a "tax that discriminates against a rail carrier." The court therefore finds that the California use tax has been imposed here in a discriminatory manner which is prohibited by section 11503(b)(4).

## IV.

The state argues that the section was not intended to prohibit the imposition of this tax for the following reasons. A. It contends that Amtrak is not in *competition* with commercial airlines, water transport common carriers or freight railroads, and that the absence of such competition precludes a finding that the use tax is discriminatory. B. The state contends that the additional tax burden on the passenger rail industry in California is *de minimis* when compared to the tax imposed on commercial property, and therefore the tax is insufficient to trigger the prohibitions of the section.

## A.

In interpreting section 11503(b)(4) to determine whether it requires a finding of competition among the entities subject to the tax, the court's objective is to "ascertain Congressional intent and give effect to legislative will." *Trailer Train v. State Board of Equalization*, 697 F.2d at 865 citing *Philbrook v. Glodgett*, 421 U.S. 707, 713–14, 95 S.Ct. 1893, 1898–99, 44 L.Ed.2d 525 (1974).

The first step in the analysis is to examine the language of the section. The express language of section 11503(b) does not limit its prohibitions to taxes which discriminate among competitors. The only statu-

---

**2.** *See generally: Trailer Train Co. v. State Board of Equalization*, 697 F.2d 860 (9th Cir.) *cert. denied* 464 U.S. 846, 104 S.Ct. 149, 78 L.Ed.2d 139 (1983). *The Atchison, Topeka and Sante Fe Ry. Co. v. State Board of Equalization*, 795 F.2d 1442 (9th Cir.1986).

**3.** The predecessor number to section 11053(b)(4).

**4.** The court also notes that the tax applies to rail *passenger* carriers, but not to rail *freight* carriers. Cal.Rev. & Tax Code § 6368.5.

tory requirement is that the tax "discriminates against a rail carrier."

The legislative history of the 4–R Act indicates that its purpose was to revitalize the railroad industry and facilitate improvement of railroad service to the public. *See* S.Rep. No. 94–499, 94th Cong., 1st Sess. 1–8 (1975), *reprinted* in 1976 U.S.Code Cong. and Ad.News 14–21 (1976). As part of this revitalization, Congress included section 11503 specifically to remedy discriminatory taxation against railroads and to ease the tax burden on rail carriers. *See Ogilvie v. State Board of Equalization*, 657 F.2d 204, 207–210 (8th Cir.), *cert. denied*, 454 U.S. 1086, 102 S.Ct. 644, 70 L.Ed.2d 621 (1981) (discussing legislative history and purpose of section 306).

■ The state's argument is that its use tax violates section 11503(b)(4) only if the tax conflicts with the congressional goal of enhancing the railroad industry's ability to *compete* with other modes of transportation. While easing the strain of competition was *one* of the purposes of the Act, both the language of the statute and the legislative history suggest that Congress chose not to require a threshold finding of competition as a prerequisite to the prohibition of section 11503(b). It also appears from the legislative history of the 4–R Act that Congress did not want a limited application of section 11503(b)(4), since such an interpretation would undermine the remedial purpose and effectiveness of the Act. For these reasons, the court concludes that the prohibition of section 11503(b)(4) does not require a showing of actual or quantifiable competition among the taxed entities.

### B.

■ The state's second argument is that the tax burden imposed on the passenger railroad industry by the California use tax is insufficient to trigger the protections of the section. The state contends that, under section 11503(c)[5] the use tax is not discrim-

inatory unless a comparison of the tax burden on Amtrak with the tax burden on all industrial and commercial property in the state reveals a 5 percent disparity in the effective tax. The state argues that a comparison of those tax burdens here does not reveal a 5 percent disparity, and therefore the tax impact on Amtrak is *de minimis*.

The court concludes that the state's argument is erroneous for two reasons:

First, it overlooks the main prohibition of the section as it applies to this case. That is, this case concerns the disparate tax treatment of rail passenger cars in comparison with the tax treatment of other modes of transportation. It is a question of *whether* certain personal property should be taxed at all; it is not a question of *how much* the cars should be taxed.

■ Second, it appears that the language of the 5 percent threshold in 11503(c) is applicable only to the first three subsections of section 11503(b)—those pertaining to *property* taxes. The language of 11503(c) talks of "assessed value," "true market value," "property," and "assessment jurisdiction." That is the language of property taxation, not of the use taxation of personal property. It is language of *how* to determine the value of taxed property not *whether* the property should be taxed at all. The California use tax does not require any analysis or determination of value. Section 6201.5 imposes the tax on the basis of the "amount paid" for the personal property. A challenge to that taxation does not invoke the threshold arguments made by the state.

The court in *Kansas City Southern Ry. Co. v. McNamara*, 624 F.Supp. 395, 402 (M.D.La.1985), discussed the application of the 5 percent threshold to a non-property tax, but that court did not go so far as to hold that the 5 percent requirement extended to all taxes. Rather, the court ex-

---

**5.** "Relief may be granted under this subsection only if the ratio of assessed value to true market value of rail transportation property exceeds by at least 5 percent, the ratio of assessed value to true market value of other commercial and industrial property in the same assessment jurisdiction." 49 U.S.C. § 11503(c).

pressed a general concern that Congress did not intend the 4–R Act to protect parties from taxes which caused only an insignificant effect. And the court ruled for the railroad:

> Without attempting to define the precise point at which an insignificant difference might change into prohibited discrimination, the court finds that the facts of this case establish significant discrimination as to each of the eleven plaintiff railroads.

*Id.*

■ The amount of the tax imposed in the present case was close to one million dollars. And the tax would apply to all railroad passenger cars first used in California. The court therefore concludes that the impact of the tax is necessarily more than *de minimis,* and is prohibited by section 11503(b)(4).

### V.

■ The court finds that the imposition of the state's use tax on plaintiff's rail passenger cars violates the express statutory prohibitions enacted by Congress in section 11503(b)(4) to prevent discrimination against rail carriers. The court also finds that the tax has impermissibly burdened interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. Const. Art. 1, § 8, cl. 3. Because the tax violates section 11503(b), the tax, by congressional definition in that section, constitutes an unreasonable burden on interstate commerce.[6]

Therefore, the court grants summary judgment in favor of plaintiff and against defendant. It is ordered that within fourteen (14) days of the date of this order, plaintiff submit to the court, with prior approval or disapproval by defendant as to form, a proposed form of judgment to be entered by the court.

---

6. The court need not reach plaintiff's constitutional claims under the Equal Protection clause or the Fourteenth Amendment of the United

States Constitution, or under Article VII of the California Constitution.